UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS LLC,<br><br>    Plaintiff,<br>       v.<br>ACER INC, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 10-03724 JW (LB)<br><br>**ORDER RE JUNE 2, 2011 AND JUNE 7, 2011 DISCOVERY LETTERS**<br><br>[ECF Nos. 522 and 525] |

**I. INTRODUCTION**

On January 6, 2011, the district court referred all discovery matters in this patent case to the undersigned. ECF No. 483.[1] On June 2, 2011, following the processes described in the undersigned's standing order, the parties filed a joint discovery letter ("June 2 Letter") that outlined disputes pertaining to proposed protective orders. ECF No. 522. On June 7, 2011, the parties filed a second joint discovery letter ("June 7 Letter") that described disputes pertaining to the proper scope of claims construction discovery. ECF No. 525. As discussed below, the court finds that the scope of claims construction discovery does not include information about the accused devices. The court further finds that a protective order is not necessary at this time because technical information about the accused devices is not subject to discovery at this point and the difficulties involved in

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

crafting an appropriate permanent protective order outweigh the benefits at this time.

The court tried to schedule a telephonic hearing with the parties but was unable to fix a date for several weeks based on counsels' trial schedule. In any event, the court finds the matter suitable for disposition without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

## II. FACTS

On October 9, 2009, in the United States District Court for the Eastern District of Texas, U.S. Ethernet Innovations, LLC ("USEI") sued Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, ASUSTeK Computer Inc., Dell Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., HP Development Company LLC, Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc. for allegedly infringing on four patents. ECF No. 1. On May 5, 2010, USEI filed an amended complaint that dropped HP Development Company LLC from the complaint. First Amended Complaint, ECF No. 214 at 1-2. On August 23, 2010, the case was transferred to the Northern District of California. ECF No. 349.

USEI claims that it owns United States Patent Nos. 5,307,459, 5,434,872, 5,732,094, and 5,299,313, which deal with Ethernet network adapters and related data transmission technology. First Amended Complaint, ECF No. 214 at 2, 5-6, ¶¶ 1, 17-21. USEI also alleges that Defendants made, used, imported, or sold technology (mostly computers) covered by the patents. *Id.* at 2, 6-7, ¶¶ 2, 22-29.

Several chip suppliers – that is, the companies that design and sell the accused network adapters used by the computer makers named above – intervened. ECF Nos. 224, 233, 265, 475. The chip suppliers are Atheros Communications, Inc., Broadcom Corporation, Intel Corporation, Marvell Semiconductor, Inc., and NVIDIA Corporation.

There also are two related cases before Judge Ware: *U.S. Ethernet Innovations, LLC v. AT&T Mobility, Inc.*, *et al.*, CV 10-5254-JW (LB) and *Zions Bancorporation v. U.S. Ethernet Innovations*, LLC, CV 10-03481 JW (LB). The *AT&T* and *Zions* defendants are retailer defendants that use the accused computers. June 2 Letter, ECF No. 522 at 6. A third case, *3COM Corporation v. D-Link Systems, Inc.*, CV 03-02177 VRW, was found to be related but was not reassigned to Judge Ware.

ECF No. 427. The cases before Judge Ware involve the same four patents. The *3Com* (or "*Realtek*") case, which was tried to verdict, involved all but United States Patent No. 5,299,313. Motion to Relate, ECF No. 365 at 2.

In the *Acer* case, the chip suppliers filed a motion to sever and stay the claims against the computer makers and to sever the claims against the chip suppliers into separate cases. ECF No. 449. On December 21, 2010, Judge Ware denied this motion as premature prior to a tutorial on the technology at issue. Order, ECF No. 475 at 6. Following the tutorial, on March 7, 2011, Judge Ware determined that a single *Markman* hearing would be best. Order, ECF No. 497 at 1. Also, at that time, Judge Ware lifted a stay in the *AT&T* case for the purposes of claims construction. *Id.* at 2.

On March 25, 2011, Judge Ware issued a patent scheduling order. ECF No. 505. In relevant part, this order stated, "At the [claims construction] hearing the Court will consider only intrinsic evidence to interpret the disputed claims, i.e., the claims themselves, the written description portion of the specification and the prosecution history." *Id.* at 4.

The parties disagreed as to the scope of discovery that was permitted by the terms of the patent scheduling order. USEI claimed that the patent scheduling order, when read in light of the procedural history, warranted clarification that (1) discovery is open to all actions; (2) discovery is not limited to claim construction; (3) discovery is not limited to the chip supplier defendants; (4) the parties shall produce documents in connection with their respective Infringement and Invalidity Contentions. Order, ECF No. 516 at 2. On May 11, 2011, Judge Ware denied USEI's motion for clarification, stating:

> The Court has repeatedly emphasized that it intends to initially limit this action to claim construction proceedings that will be binding on all parties in order to assist the Court in identifying which parties are the proper defendants. Thus, the Court reiterates that discovery is open in all three related actions but only for the limited purpose of claim construction. Accordingly, Plaintiff's Motion is DENIED. The Court will not entertain further motion on this issue.

*Id.*

### III. DISCUSSION

The parties now bring two discovery disputes before the undersigned. In the joint June 2 Letter, the parties provided their positions regarding a proposed permanent protective order. ECF No. 522.

1 The parties disagree as to the necessity of a permanent protective order at this time. The parties also
2 disagree as to key provisions regarding the treatment of certain material. In the joint June 7 Letter,
3 the parties describe disputes pertaining to the scope of claims construction discovery, primarily
4 centered around whether Defendants must produce information about the accused devices. ECF No.
5 525.

6 The court begins by analyzing the specific information requests. The court then turns to the
7 appropriateness of entering a permanent protective order at this time. As discussed below, the court
8 finds that the proper scope of claims construction discovery does not include information regarding
9 the accused devices. The court further finds that a protective order is not necessary at this time
10 because technical information about the accused devices is not subject to discovery at this point.

**1. Whether Defendants must produce the information called for in Patent Local Rule 3-4**

12 The parties dispute whether Defendants must produce the information called for in Patent Local
13 Rule 3-4 (Document Production Accompanying Invalidity Contentions), which requires the
14 production of the following two categories of documents with Invalidity Contentions: (1) certain
15 technical documents relating to the accused products; and (2) prior art identified by the defendants in
16 their Invalidity Contentions which does not appear in the file history of the patents at issue. June 7
17 Letter, ECF No. 525 at 2.

18 USEI argues that the technical documents regarding the accused products are relevant to the
19 claim construction process because they provide context to the claims. *Id.* at 2-3 (citing *Wilson*
20 *Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d 1322, 1326-27 (Fed. Cir. 2006)). USEI
21 also argues that the Patent Local Rules (and Judge Ware's patent scheduling order) require their
22 production prior to the claim construction process. *Id.* at 3 (citing Patent Local Rules 3-4(a); ECF
23 No. 505 at 2).

24 Defendants argue that the documents, which deal with the accused devices, are not related to
25 claim construction because claim construction is not to take place in light of the accused products.
26 *Id.* at 8 (citing S*RI Int.'I. v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (*en*
27 *banc*)). Defendants also claim that USEI previously raised the issue of Rule 3-4 document
28 production in its administrative motion, which was rejected by Judge Ware. *Id.* (citing ECF No. 516

at 2).  Defendants also claim that *Wilson* is not applicable because the court already has enough information for context.  *Id.* at 8-9.  Defendants also note that they have agreed to turn over prior art.  *Id.* at 8 n.4.  Finally, Defendants argue that, regardless of the stay of discovery beyond that necessary for the claims construction hearing, USEI's discovery requests are not enforceable because they are overly broad and unduly burdensome.  *Id.* at 9-10.

While the undersigned recognizes that information about the accused devices can be helpful in providing context for claims construction, such information is not appropriate for disclosure now.  As noted above, in Judge Ware's patent scheduling order, the court stated that it "will consider only intrinsic evidence to interpret the disputed claims, i.e., the claims themselves, the written description portion of the specification and the prosecution history" at the claims construction hearing.  ECF No. 505 at 4.  The information about the accused products takes on significantly less relevance if it cannot be presented at the claims construction hearing.  And Judge Ware already has denied USEI's attempts to compel the production of this material.  ECF No. 516 at 2.  USEI cannot try to circumvent the district court's earlier ruling by recasting its request as pertaining to claims construction.

Supporting this conclusion, the court observes the primacy of intrinsic evidence in the claims construction process.  *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-19 (Fed. Cir. 2005).  And, as the *Wilson* court reiterated, "claims may not be construed with reference to the accused device."  442 F.3d 1330-31 (citing *NeoMagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002); *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (*en banc*).  Instead, it is only "if the litigants cannot themselves inform a trial court of the specific issues presented by the infringement inquiry . . . then a trial court may refer to the accused product or process for that context during the process."  *Id.* at 1331.  Based on these principles, the court rejects any contention that the Federal Circuit mandates reference to the accused device during the claim construction phase of the litigation.  *See Sportlite, Inc. v. Genlyte Thomas Group, LLC*, No. CV 04-2146-PHX-MHM, 2006 WL 6256315, at *2-3 (D. Ariz. July 17, 2006).  In this case, the parties have conducted a tutorial and USEI has not established that the breadth of the claim construction analysis is unclear or requires additional information about the accused devices.  The court is

1 particularly unconvinced of the need for this information given that three of the four patents were
2 analyzed in the *Realtek* case.
3    For the foregoing reasons, the court orders that Defendants currently do not have to produce the
4 information called for in Patent Local Rule 3-4.  *See id.*; *but compare McKesson Info. Solutions LLC*
5 *v. Epic Systems*, 495 F. Supp. 2d 1329, 1335-36 (N.D. Ga. 2007) (adjusting deadlines for claims
6 construction exchanges to permit plaintiff to review defendant's source code documentation).

**2. Whether Defendants Must Produce Information Regarding Non-Infringement Positions**

USEI has propounded interrogatories calling for the following information:

> For each Asserted Claim and for each Accused Instrumentality and/or component thereof, state in chart form responsive to the chart(s) attached as exhibits to Plaintiffs Disclosure of Asserted Claims and Infringement Contentions, as to each identified element in each Asserted Claim, whether such element is present literally or under the doctrine of equivalents in each Accused Instrumentality and, if not, the reason for such denial and the relevant distinction.

June 7 Letter, ECF No. 525 at 4.  For the reasons stated above, the court finds that Defendants currently do not have to produce information regarding their non-infringement positions.

**3. Whether Defendants Must Produce Information Related to Claim Terms**

USEI has requested the following documents:

> All documents and/or things that refer, reflect or relate to any claim terms in dispute in this Acer Lawsuit, including without limitation pleadings, orders, discovery, communications, exhibits, expert reports, technical dictionaries, circuit diagrams, data sheets, technical briefs, brochures, users' manuals, users' guides, functional specifications, engineering notes, source code, test reports or results, and installation guides.

June 7 Letter, ECF No. 525 at 5.

Defendants agreed to produce information upon which they will rely.  *Id.* at 9.  Defendants also offered to produce claim construction documents from the previous *Realtek* case concerning "claim terms in dispute," but USEI admitted it already has those documents.  *Id.*

USEI argues that the information called for in its request is relevant and appropriate because Defendants do not dispute that claim construction discovery in this litigation is open and it would be unfair to permit Defendant to produce only information that is helpful to them.  *Id.* at 5.

Defendants counter that this request goes beyond the scope of relevant claim construction

discovery and is really another attempt to obtain information about the accused products. *Id.* at 9. Defendants also argue that, to the extent USEI seeks documents beyond the *Realtek* pleadings, this request is overly broad and unduly burdensome. *Id.*

As the Federal Circuit noted in *Phillips*, "there is a virtually unbounded universe of potential extrinsic evidence of some marginal relevance that could be brought to bear on any claim construction question. In the course of litigation, each party will naturally choose the pieces of extrinsic evidence most favorable to its cause, leaving the court with the considerable task of filtering the useful extrinsic evidence from the fluff." 415 F.3d at 1318. Given this observation and the court's concern that this request is another attempt at getting to information that the district court already has denied USEI at this time, the undersigned orders that Defendants must only produce the information upon which they intend to rely and the *Realtek* documents.

**4. Whether Defendants Must Produce Information Identifying Potentially Infringing Products**

USEI has requested the following information:

> Identify any and all wired technology products made, used, offered for sale, sold and/or imported into this country, by, for and/or on your behalf since January 1, 2001.

June 7 Letter, ECF No. 525 at 5. USEI argues that it must understand the complete scope of Defendants' infringement by identifying all potentially infringing products in order to properly participate in the claim construction process. *Id.* Defendants claim that the requested information is not relevant and that the request is overly broad. *Id.* at 8-10.

As discussed above, the court finds that the information is not relevant. The court further finds this request – given, for example, the lack of boundaries to the term "wired technology products" – is overly broad. Accordingly, the court orders that Defendants do not have to produce this information.

**5. Whether a Permanent Protective Order Should Be Entered Now**

USEI claims that a permanent protective order is necessary. June 2 Letter, ECF No. 522 at 1-2. In support of this contention, USEI states that the Patent Local Rules (specifically Patent Local Rule 3-4) requires disclosure of technical information that Defendants will not want to produce without a robust, permanent protective order. *Id.* at 2-3. USEI also argues that the parties' obligations

C 10-03724 JW (LB)
ORDER RE DISCOVERY LETTERS
7

1 regarding the production of confidential material should remain consistent throughout the case and,
2 more generally, a protective order is necessary to ensure that Defendants do not withhold
3 discoverable material due to confidentiality concerns. *Id.* at 3.
4     Defendants counter that a permanent protective order is not necessary because discovery is
5 stayed for everything but claims construction (and, as discussed above, Defendants do not view their
6 highly sensitive information as being included within that scope). *Id.* at 7-8. Defendants also argue
7 that, to the extent any confidential documents need to be produced, Defendants have already agreed
8 that the Patent L.R. 2-2 Interim Protective Order governs until a permanent protective order is
9 issued and that they are not withholding any material due to the lack of a permanent protective
10 order. *Id.* at 8. Defendants further represent that, except for materials from Intel, there will be no
11 production of any sort for claim construction and thus no need for a permanent protective order until
12 the court opens discovery. *Id.*
13     The court agrees that, given the lack of any real need for a permanent protective order, any
14 purpose served by entering a permanent protective order now is outweighed by the difficulty of
15 crafting one with so many competing defendants—particularly, when the district court might moot
16 many of the issues surrounding the proposed protective orders by severing the cases after the
17 *Markman* hearing.

## IV. CONCLUSION

19     For the foregoing reasons, at this time, the court **DENIES** USEI's requests for entry of a
20 permanent protective order and for the production of the material requested in the June 7 Letter.
21     This disposes of ECF Nos. 522 and 525.
22     **IT IS SO ORDERED.**
23 Dated: July 8, 2011

                                       LAUREL BEELER
                                       United States Magistrate Judge