**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC, | NO. C 10-03724 JW |
| Plaintiff, | NO. C 10-05254 JW |
| | NO. C 10-03481 JW |
| v. | **NOTICE OF INTENT TO APPOINT A TECHNICAL ADVISOR, KWAN CHAN** |
| Acer, Inc., et al, | |
| | |
| AT&T, Inc., et al., | |
| Defendants. | |
| Zions Bancorporation, et al., | |
| Plaintiffs, | |
| v. | |
| U.S. Ethernet Innovations, LLC, | |
| Defendant. | |

In preparation for the upcoming <u>Markman</u> and upon review of the Patents-in-Suit as well as the parties' contentions regarding claim construction, the Court finds that due to the complexity of these related cases and the Patents-in-Suit, the Court would benefit from the services of a technical advisor on this case.

## II. STANDARDS

A district judge has inherent authority to appoint a technical advisor when the judge deems it desirable and necessary. Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 590 (9th Cir. 2000) (*en banc*). The exercise of this authority should be used sparingly and only in highly complicated cases. TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1378 (Fed. Cir. 2002) (interpreting the Ninth Circuit standard for appointing technical advisors). In those limited cases, where the complexity of the science and technology involves something well beyond regular questions of fact and law, the district court has the inherent authority to tap the outside skill and expertise of a technical advisor. Fed. Trade Comm'n v. Enforma Natural Prod., Inc., 362 F.3d 1204, 1213 (9th Cir. 2004); see also Reilly v. United States, 863 F.2d 149, 157 (1st Cir. 1988). The technical advisor acts as educator, advising on terminology so that the district court can better understand complex evidence and properly discharge its role as decision maker. See TechSearch, 286 F.3d at 1377.

In Reilly, while conceding that a district court has inherent authority to appoint an expert as a technical advisor, the appellant argued that such power is strictly circumscribed by Fed. R. Evid. 706(a). 863 F.2d at 154. The First Circuit held the plain language of 706(a) indicates that the rule is confined to court-appointed expert witnesses and does not embrace expert advisors or consultants:

> [706(a)] establishes a procedural framework for nomination and selection of an expert witness and for the proper performance of his role after an appointment is accepted. . . . By and large, these modalities–though critically important in the realm customarily occupied by an expert witness–have marginal, if any, relevance to the functioning of technical advisors. Since an advisor, by definition, is called upon to make no findings and to supply no evidence, . . ., provisions for depositions, cross-questioning, and the like are inapposite.

Id. at 155-56.

### III. PROPOSED ORDER OF APPOINTMENT

Accordingly, the Court gives notice to the parties that the Court intends to appoint Mr. Kwan Chan[1] as a "Technical Advisor" under the following terms:

1. Any advice provided to the Court by Mr. Chan will not be based on any extra-record information.

2. To the extent that the Court may ask Mr. Chan to provide a formal written report on technical advice concerning the case, a copy of the formal written report prepared by Mr. Chan shall be provided to the parties. However, the Court reserves the right to have informal verbal communications with Mr. Chan which are not included in any formal written report.

3. Mr. Chan may attend all case-related court proceedings.

4. Mr. Chan may review any pleadings, motions or documents submitted to the Court.

5. As a Technical Advisor, Mr. Chan will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Chan will be outside the purview of "expert witnesses" under Fed. R. Evid. 706. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Chan. See Reilly, 863 F.2d at 155-56.

6. Mr. Chan will have no contact with any of the parties or their counsel except for billing purposes.

7. Each party shall bear the cost of the Technical Advisor on a *per capita* basis, payable in advance. Within ten (10) days of appointment, the parties shall meet and confer with Mr. Chan and develop a plan to set up a trust account whereby the parties shall deposit, initially, $10,000 each to cover the anticipated fees and costs. Mr. Chan shall issue statements to the parties and draw from the trust account every fifteen (15) days for his performance of the appointment. Mr. Chan will bill at the rate of $450.00 per hour.

---

[1] Attached to this Proposed Order is a courtesy copy of Mr. Chan's resume.

3

1 The Technical Advisor shall report to the Court on a periodic basis, every sixty (60) days, regarding the state of his fees and expenses and make a recommendation to the Court as to whether the trust account needs additional deposits from the parties as the case progresses.

All matters pertaining to the fees of Mr. Chan are referred to the assigned Magistrate Judge.

8. Mr. Chan shall file a declaration that he will adhere to the terms of his appointment.

On or before **October 14, 2011**, any party to the litigation wishing to object to Mr. Chan's appointment on any ground shall file a Notice of Objection to Appointment of Technical Advisor. Among the grounds for objection, the Court specifically would wish to know of any objection based on the following grounds:

    (a) Bias on the part of Mr. Chan;

    (b) Lack of funds to share the fees of the advisor on the part of the objecting party.

Any objection shall be lodged directly with the Magistrate Judge. The objection shall state the grounds of objection and be accompanied by a supporting declaration and legal memorandum supporting the objection. The Magistrate Judge shall not advise Judge Ware of the identity of any party making an objection. The Magistrate Judge may confer with the parties to determine if any modification of the terms of appointment would overcome the objection. Thereafter, the Magistrate Judge shall submit a recommendation to Judge Ware in accordance with paragraphs 1-7 or as modified, or of non-appointment due to objections. Judge Ware shall determine whether to make the appointment under any modified terms of appointment.

Dated: September 29, 2011

JAMES WARE
United States District Chief Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andy Tindel atindel@andytindel.com
Anthony H. Son ason@wileyrein.com
Ashlea Pflug araymond@winston.com
Barry Kenneth Shelton shelton@fr.com
Benjamin Charles Elacqua elacqua@fr.com
Brian Christopher Claassen Brian.Claassen@kmob.com
Bruce A Smith bsmith@jwfirm.com
Charlene Marie Morrow cmorrow@fenwick.com
Charles Ainsworth charley@pbatyler.com
Christopher Frederick Jeu cjeu@mofo.com
Christopher Needham Cravey ccravey@wmalaw.com
Christopher Ronald Noyes christopher.noyes@wilmerhale.com
Craig Steven Summers 2css@kmob.com
Danny Lloyd Williams dwilliams@wmalaw.com
Darryl Michael Woo dwoo@fenwick.com
David J Healey healey@fr.com
David J. Healey Healey@fr.com
David Lee Gann dgann@rgrdlaw.com
David T McDonald david.mcdonald@klgates.com
David T Pollock dpollock@reedsmith.com
Deron R Dacus ddacus@rameyflock.com
Dominic E. Massa dominic.massa@wilmerhale.com
Douglas R. Young dyoung@fbm.com
E Joseph Benz jbenz@csgrr.com
Eric Louis Toscano etoscano@reedsmith.com
Garland T. Stephens stephens@fr.com
Harold H Davis harold.davis@klgates.com
Hector J. Ribera hribera@fenwick.com
Hiep Huu Nguyen hnguyen@winston.com
Hsiang H. Lin jlin@ftbklaw.com
Irfan A Lateef 2ial@kmob.com
Irfan Ahmed Lateef ial@kmob.com
Jack Wesley Hill fedserv@icklaw.com
Jack Wesley Hill fedserv@icklaw.com
James Patrick Brogan jbrogan@cooley.com
Jason S Jackson jjackson@rgrdlaw.com
Jeffrey Fuming Yee yeej@gtlaw.com
Jeffrey K. Joyner joynerj@gtlaw.com
Jennifer Parker Ainsworth jainsworth@wilsonlawfirm.com
Jessica M. Kattula jkattula@rgrdlaw.com
John Christopher Herman jherman@rgrdlaw.com
John K. Grant johnkg@rgrdlaw.com
John Philip Brinkmann brinkmann@fr.com
John W Thornburgh thornburgh@fr.com
Jonah D Mitchell jmitchell@reedsmith.com
Jonah Dylan Mitchell jmitchell@reedsmith.com
Jordan Jaffe jordanjaffe@quinnemanuel.com
Karl J Kramer kkramer@mofo.com
Kevin P.B. Johnson kevinjohnson@quinnemanuel.com
Kimball R Anderson kanderson@winston.com

**United States District Court**
For the Northern District of California

United States District Court — For the Northern District of California

1. Kyle D Chen kyle.chen@cooley.com
   Kyung Kim dkim@wmalaw.com
2. Lam Khanh Nguyen lnguyen@cooley.com
   Laura Katherine Carter lcarter@winston.com
3. Lillian J Pan lpan@orrick.com
   Lionel Marks Lavenue Lionel.Lavenue@finnegan.com
4. Mahmoud Munes Tomeh 2mmt@kmob.com
   Mark Daniel Selwyn mark.selwyn@wilmerhale.com
5. Marko R Zoretic 2mrz@kmob.com
   Matthew Clay Harris mch@emafirm.com
6. Matthew J. Brigham mbrigham@cooley.com
   Michael J Newton mike.newton@alston.com
7. Michael J. Bettinger mike.bettinger@klgates.com
   Michael L Brody Mbrody@winston.com
8. Nicholas James Nugent nicholas.nugent@finnegan.com
   Patricia Kane Schmidt patricia.schmidt@klgates.com
9. Peter M Jones pjones@rgrdlaw.com
   Ray R. Zado rayzado@quinnemanuel.com
10. Richard T Ting rting@reedsmith.com
    Robert Christopher Bunt rcbunt@pbatyler.com
11. Robert M Parker rmparker@pbatyler.com
    Roderick Bland Williams rick.williams@klgates.com
12. Roger Brian Craft bcraft@findlaycraft.com
    Ruben Singh Bains rbains@wmalaw.com
13. Ryan K. Walsh rwalsh@rgrdlaw.com
    Scott D. Baker sbaker@reedsmith.com
14. Scott Richard Mosko scott.mosko@finnegan.com
    Sean Sang-Chul Pak seanpak@quinnemanuel.com
15. Seth M Sproul sproul@fr.com
    Seth McCarthy Sproul sproul@fr.com
16. Steven S. Baik sbaik@ftbklaw.com
    Thomas J. Friel tfriel@cooley.com
17. Thomas John Ward jw@jwfirm.com
    Thomas John Ward jw@jwfirm.com
18. Timothy Paar Walker timothy.walker@klgates.com
    Todd Richard Gregorian tgregorian@fenwick.com
19. William F. Lee william.lee@wilmerhale.com

**Dated: September 29, 2011**            **Richard W. Wieking, Clerk**

                                         **By:    /s/ JW Chambers**
                                         **Susan Imbriani**
                                         **Courtroom Deputy**