IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIONS BANCORPORATION, | No. C 10-3481 CW |
| Plaintiff, | |
| v. | |
| U.S. ETHERNET INNOVATIONS, LLC, | |
| Defendant. | |
| _____/ | |
| U.S. ETHERNET INNOVATIONS, LLC, | No. C 10-3724 CW |
| Plaintiff, | |
| v. | |
| ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., | |
| Defendants. | |
| INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION, | |
| Intervenors. | |
| _____/ | |

| | | |
|---|---|---|
| 1 | U.S. ETHERNET INNOVATIONS, LLC,, | No. C 10-5254 CW |
| 2 | Plaintiff, | ORDER DENYING AT&T DEFENDANTS' |
| 3 | v. | MOTIONS TO DISMISS (Docket Nos. 76 |
| 4 | AT&T MOBILITY LLC; BARNES & NOBLE, INC.; CLAIRE'S BOUTIQUES, | and 134 in Case No. 10-5254), |
| 5 | INC.; J. C. PENNEY COMPANY, INC.; SALLY BEAUTY HOLDINGS, INC.; ANN | DENYING RENEWED REQUEST TO SEVER |
| 6 | TAYLOR STORES CORPORATION; ANN TAYLOR RETAIL, INC.; HARLEY- | CLAIMS AGAINST INTERVENORS AND TO |
| 7 | DAVIDSON, INC.; HARLEY-DAVIDSON MOTOR COMPANY, INC.; KIRKLAND'S | SEVER AND STAY CLAIMS AGAINST |
| 8 | INC.; KIRKLAND'S STORES, INC.; MACY'S, INC.; MACY'S RETAIL | ACER DEFENDANTS, AND DIRECTING |
| 9 | HOLDINGS, INC.; MACY'S WEST STORES, INC.; NEW YORK & COMPANY, | PARTIES TO FILE BRIEFS ADDRESSING |
| 10 | INC.; LERNER NEW YORK, INC.; RADIOSHACK CORPORATION; RENT-A- | STAY OF CLAIMS AGAINST AT&T |
| 11 | CENTER, INC.; and THE DRESS BARN, INC., | DEFENDANTS AND ZIONS |
| 12 | Defendants. | BANCORPORATION |
| 13 | _____/ | |
| 14 | AND ALL RELATED CLAIMS AND COUNTERCLAIMS | |
| 15 | _____/ | |

The Court has reviewed the case management statement filed by the parties[1] on November 2, 2012 and addresses various matters raised therein. See Docket No. 649 in Case No. 10-3724.

The parties note that AT&T Defendants' motions to dismiss in U.S. Ethernet Innovations, LLC v. AT&T Mobility (the AT&T case), Docket Nos. 76 and 134 in Case No. 10-5254, remain pending. The parties dispute whether supplemental submissions should be filed regarding the motions. The Court has reviewed the papers already filed in connection with the motions and finds that no further briefing is necessary. The Court takes the motions under submission on the papers and DENIES them. Plaintiff's amended complaint is sufficiently plead to inform AT&T Defendants of its claims against them pursuant to the relevant legal standards. See In re Bill of Lading Transmission and Processing System Patent Litig., 681 F.3d 1323, 1331-46 (Fed. Cir. 2012). Further, the Court is not persuaded that the pleading unfairly prejudices AT&T

---

[1] For the purposes of this Order, the Court adopts the parties' terminology as follows: (1) Intervenors for Atheros Communications, Inc., Intel Corporation, Marvel Semiconductor, Inc., NVIDIA Corporation and Broadcom Corporation; (2) Acer Defendants for Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, ASUSTeK Computer, Inc., Dell, Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., Sony Corporation; Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc.; (3) AT&T Defendants for AT&T Mobility, LLC; Barnes & Noble, Inc., Claire's Boutiques, Inc., J.C. Penney Company, Inc., Sally Beauty Holdings, Inc., Ann Taylor Stores Corporation, Ann Taylor Retail, Inc., Harley-Davidson, Inc., Harley-Davidson Motor Company, Inc., Kirkland's Inc., Kirkland's Stores, Inc., Macy's, Inc., Macy's Retail Holdings, Inc., Macy's West Stores, Inc., New York & Company, Inc., Lerner New York, Inc., Radioshack Corporation, Rent-A-Center, Inc., The Dress Barn, Inc.; and (4) Defendants for Acer Defendants, AT&T Defendants and Zions Bancorporation collectively. The Court refers to U.S. Ethernet Innovations, Inc. as Plaintiff.

Defendants' ability to prepare a proper defense. See, e.g., Microsoft Corp. v. Phoenix Solutions, Inc., 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010) (noting that the court "requires the prompt filing of infringement contentions, which put the party accused of infringement on detailed notice of the basis for the allegations against it"). More than a year and a half ago, Plaintiff served upon AT&T Defendants its infringement contentions, which, pursuant to Patent Local Rule 3-1, provide the specificity that these Defendants seek.

In the case management statement, the parties agree that the issues of severance and stays should be addressed before discovery begins and other case management dates are set.[2] Defendants and Intervenors represent that Intervenors are suppliers of networking adapter chips, Acer Defendants are computer makers, and AT&T Defendants and Zions Bancorporation are end users of computers with network adapters. They seek to sever the claims against the Intervenors into separate cases against each Intervenor and to stay the cases against all Defendants pending resolution of the cases against Intervenors. Plaintiff asserts that Defendants "are primarily computer manufacturers and sellers" and opposes any severance or stay.

---

[2] These three cases were administratively related on March 7, 2011. See Docket No. 43 in Case No. 10-3481 (finding Zions Bancorporation v. U.S. Ethernet Innovations, LLC, Case No. 10-3481 (the Zions case), related to the AT&T case and U.S. Ethernet Innovations, LLC v. Acer, Inc., Case No. 10-3724 (the Acer case), and reassigning the Zions case); Docket No. 497 in Case No. 10-3724 (noting that "it is the Court's practice to not relate cases that are already assigned to it," but relating the AT&T and Acer cases "for the purposes of claim construction coordination").

4

In the Acer case, Intervenors and Acer Defendants previously moved to sever the claims against Intervenors into separate cases, to sever and stay the claims against Acer Defendants, and to stay the claims against AT&T Defendants and Zions Bancorporation. Docket No. 449 in Case No. 10-3724. The judge previously assigned to these cases denied the motion as premature without prejudice to renewal after a technology tutorial and found that Intervenors and Acer Defendants did not have standing to seek a stay on behalf of the other parties. Docket No. 475 in Case No. 10-3724. AT&T Defendants subsequently filed a motion to stay in the AT&T case, which the judge granted "pending the tutorial in the Acer case and further order of the Court." Docket Nos. 245, 246 in Case No. 10-5254. After the tutorial, the Court issued an order finding that "a single Markman to construe all the disputed claims would be more efficient than any bifurcation at this time," and providing that it "would conduct a claim construction hearing and issue a Claim Construction Order that will serve as the law of the case prior to bifurcation." Docket No. 497 in Case No. 10-3724; Docket No. 255 in Case No. 10-5254. At that time, the Court also lifted the stay imposed in the AT&T case so that the parties in that case could "meet and confer with the Defendants in the Acer case and participate in the claim construction process." Id. Shortly thereafter, the Court denied AT&T Defendants' motion for leave to file a motion for reconsideration, in which they argued the AT&T case should remain stayed; the Court noted that, "based on the claim construction, the Court would be better situated to make determinations on which Defendants were properly in the case." Docket No. 263 in Case No. 10-5254.

5

1    The Court deems the representation in the case management
2 statement that Intervenors and Acer Defendants intend to refile
3 their motion to sever and stay certain claims as their renewed
4 motion.  The Court has reviewed the papers filed by the parties in
5 connection with Intervenors' and Acer Defendants' motion to stay
6 and to sever, AT&T Defendants' motion to stay and AT&T Defendants'
7 motion for reconsideration of the order lifting the stay in the
8 AT&T case, as well as the case management statement, the claim
9 construction orders and other relevant documents.  The Court
10 DENIES the request to sever the claims against Intervenors and
11 Acer Defendants prior to trial.  These claims involve common
12 questions of law and fact that would be most efficiently handled
13 on a consolidated basis for pretrial purposes.  After all case
14 dispositive motions have been decided, the Court will determine
15 whether to sever the claims against the various Defendants and
16 Intervenors for trial.  The Court also DENIES the request to stay
17 the claims against Acer Defendants pending resolution of the
18 claims against Intervenors.

19    The Court ORDERS that Plaintiff, AT&T Defendants and Zions
20 Bancorporation file supplemental briefs addressing whether the
21 claims against AT&T Defendants and Zions Bancorporation should be
22 stayed pending resolution of the claims against Intervenors and
23 Acer Defendants.  AT&T Defendants and Zions Bancorporation shall
24 file a joint brief of ten pages or less within seven days of the
25 date of this Order.  Although Acer Defendants and Intervenors are
26 not required to file a supplemental brief, they may join the brief
27 filed by AT&T Defendants and Zions Bancorporation.  Plaintiff
28 shall file its brief of ten pages or less within seven days

**United States District Court**
For the Northern District of California

thereafter.  The issue will be decided on the papers.  Once it has been, discovery may commence and the Court will ask the parties to submit joint or separate proposed case management schedules.

IT IS SO ORDERED.

Dated: 12/7/2012

CLAUDIA WILKEN
United States District Judge

7