**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIONS BANCORPORATION, | No. C 10-3481 CW |
|       Plaintiff, | |
|    v. | |
| U.S. ETHERNET INNOVATIONS, LLC, | |
|       Defendant. | |

_____/

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | No. C 10-3724 CW |
|       Plaintiff, | |
|    v. | |
| ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., | |
|       Defendants. | |
| INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION, | |
|       Intervenors. | |

_____/

**United States District Court**
For the Northern District of California

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,, | No. C 10-5254 CW |
| Plaintiff, | ORDER GRANTING DEFENDANTS ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT AGAINST SILICON INTEGRATED SYSTEMS CORP. (Docket No. 654 in 10-3724) AND DENYING DEFENDANTS SONY CORPORATION, SONY CORPORATION OF AMERICA AND SONY ELECTRONICS INC.'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION (Docket No. 672 in 10-3724) |
| v. | |
| AT&T MOBILITY LLC; BARNES & NOBLE, INC.; CLAIRE'S BOUTIQUES, INC.; J. C. PENNEY COMPANY, INC.; SALLY BEAUTY HOLDINGS, INC.; ANN TAYLOR STORES CORPORATION; ANN TAYLOR RETAIL, INC.; HARLEY-DAVIDSON, INC.; HARLEY-DAVIDSON MOTOR COMPANY, INC.; KIRKLAND'S INC.; KIRKLAND'S STORES, INC.; MACY'S, INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S WEST STORES, INC.; NEW YORK & COMPANY, INC.; LERNER NEW YORK, INC.; RADIOSHACK CORPORATION; RENT-A-CENTER, INC.; and THE DRESS BARN, INC., | |
| Defendants. | |
| _____/ | |
| AND ALL RELATED CLAIMS AND COUNTERCLAIMS | |
| _____/ | |

Defendants ASUSTek Computer Inc. and ASUS Computer International (collectively, ASUS) seek leave to file a third-party complaint against Silicon Integrated System Corporation (SiS).  Defendants Sony Corporation, Sony Corporation of America and Sony Electronics, Inc. (collectively, Sony) also move for leave to file a motion for reconsideration of the October 6, 2011 order granting USEI leave to amend its infringement contentions to, among other things, identify additional accused products, which Sony contends were products containing network chips supplied by Silicon Integrated Solutions, Inc.[1]  Plaintiff U.S.

---

[1] Sony asserts that this is the same entity at issue in ASUS's motion for leave.  <u>See</u> Docket No. 672, 5.  For the purposes of this Order, the Court accepts this assertion as true.

**United States District Court**
For the Northern District of California

1   Ethernet Innovations, Inc. (USEI) opposes both motions.  Having

2   considered the papers filed by the parties, the Court GRANTS

3   ASUS's motion and DENIES Sony's motion.

4   I.    ASUS's Motion for Leave to File a Third-Party Complaint

5         Pursuant to Federal Rule of Civil Procedure 14, a defendant

6   may "serve a summons and complaint on a nonparty who is or may be

7   liable to it for all or part of the claim against it," provided

8   that it first obtains leave of the court if it is more than

9   fourteen days after it served its original answer.  Fed. R. Civ.

10  Pro. 14(a)(1).  "The decision whether to implead a third-party

11  defendant is addressed to the sound discretion of the trial

12  court."  Southwest Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769,

13  777 (9th Cir. 1986).  "In exercising this discretion, the court

14  typically considers several factors, including (1) prejudice to

15  the original plaintiff; (2) complication of issues at trial;

16  (3) likelihood of trial delay; and (4) timeliness of the motion to

17  implead."  Joe Hand Prods. v. Davis, 2012 U.S. Dist. LEXIS 172299,

18  at *3 (N.D. Cal.) (internal quotation marks and citation omitted).

19  "The purpose of this rule is to promote judicial efficiency by

20  eliminating the necessity for the defendant to bring a separate

21  action against a third individual who may be secondarily or

22  derivatively liable to the defendant for all or part of the

23  plaintiff's original claim."  Southwest Adm'rs, 791 F.2d at 777.

24        ASUS seeks to implead SiS.  ASUS alleges that SiS sold it

25  products that ASUS then incorporated into its own goods and that

26  SiS's products provide the functionality in ASUS's goods that USEI

27  accuses of infringing its patents.  ASUS contends that it entered

28  into an indemnity agreement with SiS that contractually obliges

**United States District Court**
For the Northern District of California

1  SiS to defend and indemnify ASUS against any claims that products

2  supplied by SiS infringe the intellectual property rights of

3  another.  ASUS's proposed third party complaint asserts claims

4  against SiS for breach of contract and breach of warranty of title

5  and warranty against infringement.

6      USEI opposes ASUS's motion on the grounds that the motion is

7  not timely and that permitting impleader would unnecessarily

8  complicate issues at trial.  However, under the facts of the

9  instant case, it cannot be said that any delay by ASUS weighs

10  heavily against impleader because discovery has been largely

11  stayed pending claim construction and resolution of case

12  management issues upon reassignment.  Further, permitting

13  impleader here would not delay trial or otherwise negatively

14  affect any deadlines already established in these cases, and USEI

15  does not contend that it would be prejudiced by impleader of SiS.

16  Finally, the indemnity claims that ASUS seeks to assert here,

17  which arise out of its relationship with its chip supplier, are

18  not "tangentially" related to the claims USEI has asserted against

19  ASUS and the other Defendants, as in the case cited by USEI, Zero

20  Tolerance Entm't, Inc. v. Ferguson, 254 F.R.D. 123, 126 (C.D. Cal.

21  2008), but rather are derivative of those claims and implicate

22  matters already at issue in these cases.  Accordingly, the Court

23  GRANTS ASUS's motion (Docket No. 654 in 10-3724).  ASUS shall file

24  its third-party complaint within three days of the date of this

25  Order and shall serve it upon SiS as soon as possible.

26  II.  Sony's Motion for Leave to File a Motion for Reconsideration

27      Under Civil Local Rule 7-9, a party may ask a court to

28  reconsider an interlocutory order if it can specifically show,

**United States District Court**
For the Northern District of California

1  among other things, that "at the time of the motion for leave, a

2  material difference in fact or law exists from that which was

3  presented to the Court before entry of the interlocutory order for

4  which reconsideration is sought."  Civil L.R. 7-9(b)(1).

5      Sony seeks leave to file a motion for reconsideration of the

6  Court's October 6, 2011 order, in which it granted USEI permission

7  to amend its infringement contentions to identify products that

8  incorporated chips Sony obtained from SiS.  On October 17, 2011,

9  shortly after the Court originally issued that order, Sony sought

10 leave to file a motion for reconsideration, making the same

11 arguments it raises here almost verbatim.  Docket No. 567.  On

12 October 19, 2011, the Court denied Sony's motion for leave,

13 stating that it was "not warranted at this time," and that, in

14 "granting Plaintiff leave to amend its Infringement contentions,

15 the Court explicitly found that Plaintiff had demonstrated good

16 cause."  Docket No. 571, 2.

17     Sony has not offered any reason that the Court should

18 reconsider the October 19, 2011 order denying its first motion for

19 leave to file a motion for reconsideration and has not offered any

20 argument that was not before the Court at the time of that order.

21 Contrary to Sony's suggestion, the Court did not suggest that

22 reconsideration might be warranted in the future.  Further, that

23 USEI opposed ASUS's motion for leave to file a third-party

24 complaint against SiS does not constitute a material difference in

25 fact that warrants reconsideration of the October 6, 2011 order.

26 That the Court has now granted ASUS permission to implead SiS,

27 thereby making it a party to these cases, substantially undermines

28 Sony's contention that USEI should not be permitted to accuse

5

products that incorporate a network chip obtained from a chip

supplier that is not party to the case.

Accordingly, Sony's motion for leave to file a motion for

reconsideration is DENIED (Docket No. 672 in 10-3724).

The parties in each of the above-captioned cases are reminded

that Civil Local Rule 7-9(c) mandates that parties may not file a

motion for leave to file a motion for reconsideration that repeats

oral or written arguments that it previously raised in connection

with an earlier order that it seeks to have reconsidered, and that

parties who file such repetitive motions in the future will be

subject to sanctions.

CONCLUSION

For the reasons set forth above, the Court GRANTS ASUS's

motion for leave to file a third-party complaint (Docket No. 654

in 10-3724) and DENIES Sony's motion for leave to file a motion

for reconsideration (Docket No. 672 in 10-3724).  ASUS shall file

its third-party complaint within three days of the date of this

Order and shall serve it upon SiS as soon as possible.

IT IS SO ORDERED.

Dated: 1/17/2013

CLAUDIA WILKEN
United States District Judge