IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIONS BANCORPORATION, | No. C 10-3481 CW |
|     Plaintiff, | |
|   v. | |
| U.S. ETHERNET INNOVATIONS, LLC, | |
|     Defendant. | |
| _____/ | |
| U.S. ETHERNET INNOVATIONS, LLC, | No. C 10-3724 CW |
|     Plaintiff, | |
|   v. | |
| ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., | |
|     Defendants, | |
| INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION, | |
|     Intervenors. | |
| _____/ | |

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>AT&T MOBILITY LLC; BARNES & NOBLE, INC.; CLAIRE'S BOUTIQUES, INC.; J. C. PENNEY COMPANY, INC.; SALLY BEAUTY HOLDINGS, INC.; ANN TAYLOR STORES CORPORATION; ANN TAYLOR RETAIL, INC.; HARLEY-DAVIDSON, INC.; HARLEY-DAVIDSON MOTOR COMPANY, INC.; KIRKLAND'S INC.; KIRKLAND'S STORES, INC.; MACY'S, INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S WEST STORES, INC.; NEW YORK & COMPANY, INC.; LERNER NEW YORK, INC.; RADIOSHACK CORPORATION; RENT-A-CENTER, INC.; and THE DRESS BARN, INC.,<br><br>    Defendants.<br>_____/<br>AND ALL RELATED CLAIMS, COUNTERCLAIMS AND THIRD-PARTY CLAIMS<br>_____/ | No. C 10-5254 CW<br><br>NOTICE OF INTENT TO RE-APPOINT TECHNICAL ADVISOR |

    The Court finds that, due to the complexity of these cases and the Patents-in-Suit, it would benefit from the services of a technical advisor. The Court hereby gives notice that it intends to re-appoint Mr. Kwan Chan, who previously served as the technical advisor on these cases before they were re-assigned, in that capacity.

    "When outside technical expertise can be helpful to a district court, the court may appoint a technical advisor." <u>FTC v. Enforma Natural Prods.</u>, 362 F.3d 1204, 1213 (9th Cir. 2004) (citing <u>Ass'n of Mexican-American Educators v. California</u>, 231 F.3d 572, 590 (9th Cir. 2000) (en banc)). "A technical advisor is a tutor who aids the court in understanding the 'jargon and

2

theory' relevant to the technical aspects of the evidence." Id. (quoting Reilly v. United States, 863 F.2d 149, 158 (1st Cir. 1988)). "The role of a technical advisor is to organize, advise on, and help the court understand relevant scientific evidence." Id. (citing Ass'n of Mexican-American Educators, 231 F.3d at 590).

As an advisor to the Court, the role played by a technical advisor is distinct from that of an expert witness. "A technical advisor may not assume the role of an expert witness by supplying new evidence; nor may an advisor usurp the role of the judge by making findings of fact or conclusions of law." Id. (citing A&M Records, Inc. v. Napster, Inc., 284 F.3d 1091, 1097 (9th Cir. 2002); Reilly, 863 F.2d at 155). Because of this distinction, "[t]echnical advisors, acting as such, are not subject to the provisions of Rule 706, which govern court-appointed expert witnesses." Id.

## INTENDED ORDER OF APPOINTMENT

Accordingly, the Court gives notice to the parties that the Court intends to re-appoint Mr. Chan as a "Technical Advisor" under the following terms:

1. Any advice provided to the Court by Mr. Chan will not be based on any extra-record information.

2. To the extent that the Court may ask Mr. Chan to provide a formal written report on technical advice concerning the case, a copy of the formal written report prepared by Mr. Chan shall be provided to the parties. However, the Court reserves the right to have informal written and verbal communications with Mr. Chan, including written summaries and explanations of his advice to the

3

Court, which are not included in any formal reports. Mr. Chan may attend all case-related court proceedings.

3. Mr. Chan may review any pleadings, motions or documents submitted to the Court.

4. As a Technical Advisor, Mr. Chan will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Chan will be outside the purview of "expert witnesses" under Fed. R. Evid. 706. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Chan. See Reilly, 863 F.2d at 155-56.

5. Mr. Chan will have no contact with any of the parties or their counsel except for billing purposes.

6. Each party shall bear the cost of the Technical Advisor on a per capita basis, payable in advance. During his initial appointment, a trust account was established to cover the anticipated fees and costs, which may still have funds.

Within fifteen days of his re-appointment, Mr. Chan shall report to the Court on the state of his fees and expenses and make a recommendation to the Court as to whether the trust account needs additional deposits from the parties, including any new parties who have not yet made an initial contribution to the account.

Mr. Chan shall issue statements to the parties and draw from the trust account every fifteen (15) days for his performance of the appointment. He shall advise the Court if the trust account needs additional deposits from the parties as the case progresses. Mr. Chan will bill at the rate of $450.00 per hour.

4

7.  Mr. Chan shall file a declaration that he will adhere to the terms of his appointment.

## CONCLUSION

Within two weeks of the date of this Order, any party that has joined this litigation after August 30, 2012, the date on which Mr. Chan's prior term of service as technical advisor in these cases concluded, may file an objection to the re-appointment of Mr. Chan as the Court's technical advisor, based on grounds, including but not limited to:

(a) Bias on the part of Mr. Chan;

(b) Lack of funds to share the fees of the advisor on the part of the objecting party.

Any objection shall be lodged directly with the Magistrate Judge and shall not be e-filed.  The objection shall state the grounds of objection and be accompanied by a supporting declaration and legal memorandum supporting the objection.  The Magistrate Judge shall not advise the Court of the identity of any party making an objection.  The Magistrate Judge may confer with the parties to determine if any modification of the terms of appointment would overcome the objection.  Thereafter, the Magistrate Judge shall submit a recommendation to the Court in accordance with paragraphs 1-7 or as modified, or of non-appointment due to objections.

The Court will determine whether to make the appointment under any modified terms of appointment.

IT IS SO ORDERED.

Dated: 5/17/2013

CLAUDIA WILKEN
United States District Judge

5