IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIONS BANCORPORATION,<br><br>             Plaintiff,<br><br>     v.<br><br>U.S. ETHERNET INNOVATIONS, LLC,<br><br>             Defendant.<br>_____/ | No. C 10-3481 CW |
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>             Defendants,<br><br>INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION,<br><br>             Intervenors.<br>_____/ | No. C 10-3724 CW |

United States District Court
For the Northern District of California

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | No. C 10-5254 CW |
| Plaintiff, | |
| v. | |
| AT&T MOBILITY LLC; BARNES & NOBLE, INC.; CLAIRE'S BOUTIQUES, INC.; J. C. PENNEY COMPANY, INC.; SALLY BEAUTY HOLDINGS, INC.; ANN TAYLOR STORES CORPORATION; ANN TAYLOR RETAIL, INC.; HARLEY-DAVIDSON, INC.; HARLEY-DAVIDSON MOTOR COMPANY, INC.; KIRKLAND'S INC.; KIRKLAND'S STORES, INC.; MACY'S, INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S WEST STORES, INC.; NEW YORK & COMPANY, INC.; LERNER NEW YORK, INC.; RADIOSHACK CORPORATION; RENT-A-CENTER, INC.; and THE DRESS BARN, INC., | |
| Defendants. | |
| U.S. ETHERNET INNOVATIONS, LLC, | No. C 13-2262 CW |
| Plaintiff, | ORDER APPOINTING TECHNICAL ADVISOR |
| v. | |
| NETGEAR, INC. | |
| Defendant. | |
| AND ALL RELATED CLAIMS, COUNTERCLAIMS AND THIRD-PARTY CLAIMS | |

The Court previously issued two orders apprising the parties of its intent to appoint a Technical Advisor, Kwan Chan. In the orders, the Court directed parties who wished to object to the appointment to file an objection with Magistrate Judge Beeler by particular deadlines. The deadlines have now passed and

Magistrate Judge Beeler has notified the Court that no objections were received.

Accordingly, the Court appoints Mr. Chan as a Technical Advisor for these related cases under the following terms:

1. Any advice provided to the Court by Mr. Chan will not be based on any extra-record information.

2. To the extent that the Court may ask Mr. Chan to provide a formal written report on technical advice concerning the case, a copy of the formal written report prepared by Mr. Chan shall be provided to the parties. However, the Court reserves the right to have informal written and verbal communications with Mr. Chan, including written summaries and explanations of his advice to the Court, which are not included in any formal reports. Mr. Chan may attend all case-related court proceedings.

3. Mr. Chan may review any pleadings, motions or documents submitted to the Court.

4. As a Technical Advisor, Mr. Chan will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Chan will be outside the purview of "expert witnesses" under Fed. R. Evid. 706. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Chan. See Reilly, 863 F.2d at 155-56.

5. Mr. Chan will have no contact with any of the parties or their counsel except for billing purposes.

6. Each party shall bear the cost of the Technical Advisor on a per capita basis, payable in advance. During his initial appointment, a trust account was established to cover the anticipated fees and costs, which may still have funds.

3

     Within fifteen days of his re-appointment, Mr. Chan shall report to the Court on the state of his fees and expenses and make a recommendation to the Court as to whether the trust account needs additional deposits from the parties, including any new parties who have not yet made an initial contribution to the account.

     Mr. Chan shall issue statements to the parties and draw from the trust account every fifteen (15) days for his performance of the appointment.  When needed, he shall advise the Court if the trust account needs additional deposits from the parties as the case progresses.  Mr. Chan will bill at the rate of $450.00 per hour.

     All matters pertaining to fees of Mr. Chan are referred to the discovery Magistrate Judge.

     7.  Within one week of the date of this Order, Mr. Chan shall file a declaration that he will adhere to the terms of his appointment.

     The Clerk shall immediately add Mr. Chan to the docket.

     IT IS SO ORDERED.

Dated: 7/8/2013

CLAUDIA WILKEN
United States District Judge